UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gerard CONTALDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CA NO. 08-12076-GAO |
| ) | |
| ALAN MONACO, MARCOS FREITAS, ) | |
| ROBERT KELLEHER, KEVIN ) | |
| SHACKELFORD, BRUCE CAMPBELL, ) | |
| CLIFFORD MANSIR, ) | |
| and JAMES HODGDON, In Their Individual ) | |
| Capacities, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

Plaintiff brings this motion to compel complete answers to interrogatories and document requests seeking information about Defendant police officers' prior acts of misconduct. This is a civil rights action for damages for use of unreasonable force and for malicious prosecution. Through interrogatories and document requests, Plaintiff seeks discovery of past allegations and investigations of misconduct against the Defendants. Defendants have objected, primarily on relevance and unspecified "privacy" grounds. The Court should overrule these objections because officers' prior misconduct is likely to lead to admissible evidence regarding Defendants' credibility, motive, and patterns of behavior. This information falls within the broad contours of relevance under Rule 26(b)(1), and Defendants have failed to identify any privilege or valid interest that warrants shielding this information from disclosure.

# BACKGROUND

The complaint arises out of an incident on March 17, 2006. Defendant Marcos Freitas, an off-duty Somerville police officer who had been drinking, became enraged and slapped the Plaintiff, then fifteen years old. Freitas was angry because Plaintiff and his friends were kicking a recycling bin near Freitas's sports car. To protect Plaintiff, one of Plaintiff's friends pushed Freitas, who had never identified himself as a police officer. The other Defendants, all Somerville police officers, later apprehended Plaintiff and his friends and exacted summary punishment for this alleged assault on a police officer. While one of the Defendants held Plaintiff to the ground, Defendant Freitas hit him in the head with a flashlight or similar blunt object. Defendants then initiated a baseless criminal prosecution against the Plaintiff, who was acquitted at trial.

Plaintiff's first set of interrogatories and first request for documents asked Defendants to provide information about any past misconduct as police officers. Plaintiff sent each Defendant the following interrogatory:

> If you have ever been the subject of an internal investigation, administrative action, disciplinary action, citizen's complaint, or demand letter pursuant to Chapter 258 of the Massachusetts General Laws, regarding violation of a citizen's rights or other police misconduct for your conduct as an employee of the City of Somerville, state for each such incident:
> a. the date of the incident;
> b. the substance of the charge or allegation of misconduct made against you;
> c. the date the initial charge or claim of misconduct was made;
> d. the name and address of all persons making the complaint;
> e. the date and outcome of each such charge or allegation of misconduct, including the date and nature of the final disposition of the matter;

  f.  if any disciplinary action was taken against you as a result of the charge or allegation of misconduct, the name and address of the person administering such disciplinary action.[1]

Each Defendant responded as follows:

> The defendant objects to this interrogatory on the grounds that it is overly broad in both time and scope, vague and unduly burdensome. The defendant further objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. In addition, the defendant objects to this request in that any relevance the information may have is far outweighed by both the defendant's and any involved civilian's privacy interests.[2]

Plaintiff sent the following document request to all of the Defendants is as follows:

> All documents relating to complaints against any of the Defendants alleging excessive force, physical abuse, false arrest, or any other civil rights violations during such Defendant(s) employment as a police officer. This request includes but is not limited to all internal and civilian complaints, civil complaints, criminal complaints and applications for criminal complaints, police reports, letters or e-mail of reprimand, correspondence, transcripts, statements, summaries, affidavits, recordings, and other documents relating to the substance, investigation, and resolution of such complaints and related disciplinary action resulting from such complaints.[3]

Defendants raised identical objections to the document request as to the interrogatories. Plaintiff requested a privilege log from the Defendants to identify what, if any, information was being withheld pursuant to these objections, and the nature of the privilege, if any, that was being

---

[1] The interrogatory and Defendants' response are attached as Exhibit A to the Declaration of David Milton. The interrogatory is No. 20 in the set of interrogatories to Defendant Freitas; it is No. 17 in the set to the other Defendants.

[2] *Id.*

[3] The document request and Defendants' response are attached as Exhibit B to the Declaration of David Milton; because the objections are the same as those raised to the corresponding interrogatory, the text is not reproduced in this memorandum.

3

asserted. Defendants provided a purported privilege log that identifies four instances of alleged misconduct and/or discipline, three of which involve Defendant Freitas.[4] The log identifies only the date of the complaint or discipline in question, the officer involved, and a description of the type of complaint or type of discipline. The log does not identify any specific privilege being asserted and, at least with respect to the two instances of discipline of Officer Freitas, does not identify what documents exist.

Plaintiff has independently obtained several documents underlying one of the instances of discipline against Defendant Freitas. These documents contain admissions by Defendant Freitas that he has falsified police reports by using "creative writing" – embellishing the reports with untruths to make them more incriminating to the criminal defendants.[5] Defendant Freitas further admits to criminal activity himself, including giving drugs seized as evidence to friends.[6]

## ARGUMENT

### I.  Discovery of Information Concerning Instances of Misconduct or Violation of Citizen Rights Falls Within the Broad Definition of Relevance under Rule 26(b)(1)

Complaints and investigations of police misconduct made against the Defendant police pfficers are relevant to show pattern, intent, and motive. They are also relevant to credibility – as the documents already in Plaintiff's possession concerning Defendant Freitas demonstrate.

Rule 26(b)(1) permits discovery "into any nonprivileged matter relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The rule "contemplates wide-ranging discovery to the

---

[4] Milton Decl., Exhibit C.

[5] Milton Decl., Exhibit D (Freitas email to Austin Police Department)

[6] *Id.*

4

fullest possible extent." *Klonoski v. Malab,* 156 F.3d 255, 267 (1st Cir. 1998); *see also Cabana v. Forcier,* 200 F.R.D. 9, 17 (D. Mass. 2001) ("[T]he scope of discovery under the Federal Rules is very broad."). Discovery "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Evidence of past wrongs or acts may be admissible to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. Rules Evid. 404(b). In civil rights actions claiming police misconduct, courts have routinely ordered disclosure of personnel files, internal affairs investigations, citizen complaints, and disciplinary of individual officers. *See, e.g., Wisniewski v. Claflin,* 2007 U.S. Dist. LEXIS 27850, at *13-14 (E.D.N.Y. June 7, 2007); *Zackery v. Stickton Police Dept.,* 2007 U.S. Dist. LEXIS 44144, *6 (E.D.Cal. June 7, 2007); *Soto v. City of Concord,* 162 F.R.D. 603, 615 (N.D.Cal. 1995); *Hampton v. City of San Diego,* 147 F.R.D. 227, 229 (S.D.Cal. 1993). The information in such files is relevant regardless of whether the plaintiff has asserted a claim against the municipality. *See Zackery,* 2007 U.S. Dist. LEXIS 44144, *6 ("Even with respect to claims of excessive use of force against individual officers, such personnel file information has been found to be quite relevant because they may reveal the defendant officers' credibility, motive, and patterns of behavior."); *see also Wisniewski,* 2007 U.S. Dist. LEXIS 27850, at *13-14 ("Such complaints may indicate pattern, intent, or absence of mistake."); *Hampton,* 147 F.R.D. at 229 ("Information contained in these files [personnel and internal affairs] may be relevant on the issues of credibility ... and motive of the officers ...[and] punitive damages, in that the information may lead to evidence of a continuing course of conduct reflecting malicious intent.").

5

In this case, documents already in Plaintiff's possession show that the requested information bears on Defendant Freitas's credibility. Given that this is also a malicious prosecution case, information concerning officer Freitas's past falsification of police reports may also prove relevant to show a pattern of initiating prosecutions without probable cause, among other misconduct. It may also reveal evidence of malicious intent, which would be relevant not only to Plaintiff's substantive claim but to punitive damages.

## II.   Defendant Police Officers' "Privacy Interests" Do Not Justify Withholding Discovery Regarding Past Misconduct

The Court should reject Defendants' claim that unspecified "privacy interests" of the Defendant officers and "any involved civilians" justify withholding relevant discovery.[7] Defendant police officers have no privacy interest in protecting disclosure of their past misconduct, nor have Defendants identified any need to protect the civilian complainants. Indeed, virtually all of the materials sought are public records under Massachusetts law.

As one Court in this district has stated, "[i]t offends basic notions of openness and public confidence in our system of justice to shield the results of a police department investigation from public scrutiny, as the public confidence in the working of the police department is of the utmost importance." *Williams v. City of Boston*, 213 F.R.D. 99, 102 (D.Mass. 2003)(citation omitted) In keeping with this principle, courts have consistently overruled privacy objections similar to those raised by Defendants here. *See, e.g., Soto v. City of Concord*, 163 F.R.D. 610, 617 (N.D.Cal. 1995) ("The existing case law suggests that privacy interest of police officers have not outweighed the civil rights plaintiff's need to discover the officer defendants' personnel files.");

---

[7] Defendants make no claim that the withheld information is protected by any privilege.

*accord, e.g., Mason v. Stock*, 869 F.Supp. 828, 834 (D.Kan. 1994); *King v. Conde*, 121 F.R.D. 180, 191 (E.D.N.Y. 1988).

Defendants' assertion of "privacy interests" is particularly ill-founded since almost all of the materials sought are public records under Massachusetts law. *See Worcester Telegram & Gazette Corp. v. Chief of Police of Worcester*, 58 Mass. App. Ct. 1, 10 (Mass. App. Ct. 2003)(holding that internal affairs and disciplinary investigations, including interviews, reports, conclusions, and recommendations, are public records; Massachusetts law only exempts the actual order and notice of disciplinary action sent to a police officer); *accord, Leeman v. Cote*, 21 Mass.L.Rep. 411 (Mass.Super.Ct. 2006). The "presentment letter" regarding Defendant Shackelford – a prerequisite to filing a lawsuit against a public employer under the Massachusetts Tort Claims Act, M.G.L. c. 258 § 4 – is also a public record.

Defendants' vague and conclusory contention that civilian privacy interests warrant withholding the materials is also entitled to no weight. Defendants have given no indication of any harm that would result from disclosure, and it is difficult to conceive of any. Moreover, two of the four investigations/allegations on Defendants' privilege log – the reprimand of Defendant Freitas for violating the Somerville residency rule and his suspension regarding his application for employment to the Austin Police Department (in connection with which he admitted to falsifying police reports and to criminal conduct) – do not involve civilian complainants.

## CONCLUSION

For the foregoing reasons, the Court should grant the Plaintiff's motion to compel; overrule Defendants' objections to Interrogatory No. 17 to Freitas, Interrogatory No. 20 to all Defendants; and to Document Request No. 9 to all Defendants; and order the Defendants to

produce the requested documents and answer the specified interrogatories within two weeks of the Court's decision.

                RESPECTFULLY SUBMITTED,

For Plaintiffs,

/s/ David Milton
Howard Friedman, BBO #180080
David Milton, BBO #668908
**Law Offices of Howard Friedman, P.C.**
90 Canal Street, Fifth floor
Boston, MA 02114-2022
T (617) 742-4100
F (617) 742-5858
hfriedman@civil-rights-law.com
dmilton@civil-rights-law.com

Dated: September 16, 2009

### CERTIFICATE OF SERVICE

I certify that on this day a true copy of the above document was served upon the attorney of record for each party via ECF.

Date: September 16, 2009       /s/ David Milton
                                         David Milton